**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Allen Clark, | No. 05-3421-PHX-ROS |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| Glendale Union High School District #205, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss filed by Defendant Glendale Union High School District # 205. Defendant alleges that Plaintiff has failed to state a claim upon which relief can be granted. For the following reasons, the Motion will be granted.

## BACKGROUND

Plaintiff filed his complaint on October 26, 2005. The complaint alleged that jurisdiction existed pursuant to 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1983, 1985. The complaint also alleged that "Defendant wronged plaintiff, which injured plaintiff, both publically and privately, which damaged properties of plaintiff, both publically and privately." Plaintiff demanded forty million dollars to compensate him for his injuries. Plaintiff's separately filed request to proceed in forma pauperis was initially denied, but Plaintiff submitted additional information and the request was granted. (Doc. 3, 8)

1  Defendant filed its Motion to Dismiss on November 22, 2005. Plaintiff filed a Motion
2 to Amend his complaint one week later. The Motion to Amend was denied due to Plaintiff's
3 failure to comply with the Rules of Practice of the United States District Court for the
4 District of Arizona. (Doc. 13) Plaintiff filed a response to the Motion to Dismiss arguing
5 that "Defendant is an association of persons, and/or an association of individuals" pursuant
6 to the Uniform Commercial Code, the United States Code, and the Arizona Revised Statutes.
7 Plaintiff also asserted that Defendant violated his rights under the First, Fifth, Sixth, Seventh,
8 Ninth, Tenth, and Thirteenth Amendments to the United States Constitution. In its reply,
9 Defendant pointed out that the citations to the Uniform Commercial Code, United States
10 Code, and Arizona Revised Statues were "nonsensical" and that Plaintiff's "vague reference
11 to violations of numerous inapplicable Constitutional amendments" should not save the
12 complaint from dismissal. (Doc. 12) Plaintiff filed a "rebuttal" to Defendant's reply. In the
13 "rebuttal" Plaintiff set forth more details regarding his claims. The "rebuttal" named three
14 individuals as defendants and stated those individuals "under color of law, knowingly,
15 willingly, voluntarily, intentionally, and maliciously conspired to deprive, and deprived,
16 Plaintiff of Plaintiff's constitutional rights." (Doc. 16) Finally, Defendant filed a Motion to
17 Strike Plaintiff's "rebuttal" arguing that it was improper to file a "rebuttal" because Plaintiff
18 had already filed his response to the Motion to Dismiss.

## ANALYSIS

When evaluating a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a]ll factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to [p]laintiffs.'" Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001) (quoting Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996)). "A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (quotiong Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In this case, Plaintiff alleges that his suit is based on four statutes: 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1983, 1985. The

first two statutes listed, however, do not provide a private cause of action.  The second set of statutes provide private causes of action but Plaintiff's complaint is fatally flawed regarding those statutes.  Therefore, Plaintiff's complaint will be dismissed in its entirety.

**I.  18 U.S.C. §§ 241, 242**

Both 18 U.S.C. § 241 and 242 are "criminal statutes governing conspiracies against civil rights and deprivation of rights under color of law."  Lerch v. Boyer, 929 F. Supp. 319, 322 (N.D. Ind. 1996).  These statutes "provide no basis for civil liability."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  See also Lerch, 929 F. Supp. at 322 (listing other federal courts holding same).  Therefore, Plaintiff cannot state a claim under these statutory provisions.

**II.  42 U.S.C. §§ 1983, 1985**

42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  A local government entity, such as Defendant in this case, "is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'"  Lee, 250 F.3d at 681 (quoting Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992).  Thus, Plaintiff had to allege that 1) he was deprived of his constitutional rights by Defendant and its employees acting under color of state law; 2) that Defendant has customs or policies which amount to deliberate indifference to his constitutional rights; and 3) that the policies are the moving force behind the constitutional violations.  Id.  Plaintiff's complaint did not allege any of these three requirements.  Thus, his claims under 42 U.S.C. § 1983 must be dismissed.

42 U.S.C. § 1985 provides that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages

occasioned by such injury or deprivation, against any one or more of the conspirators."[1]  To be considered a properly pleaded claim under the relevant portion of this statute, the complaint "must include an allegation of racial or class-based animus."  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  Plaintiff's complaint included no such allegation.  Therefore, his claims regarding 42 U.S.C. § 1985 must be dismissed.

**III.  Motion to Strike**

Defendant requests that the Court strike Plaintiff's "rebuttal" as improper under the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules").  Specifically, Defendant believes that Local Rule 7.2 allows for *one* response and *one* reply.  The Court agrees that Plaintiff's "rebuttal" was improper because he had already filed a response to the Motion to Dismiss.  The Motion to Strike, however, is effectively moot due to the dismissal of Plaintiff's claims.  The Motion, therefore, will be denied.

**IV.  Plaintiff's Father Appearing on Plaintiff's Behalf**

It appears that Plaintiff's father is producing and filing documents on behalf of Plaintiff.  (Doc. 18)  "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself."  <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (citation omitted).  Thus, Plaintiff and his father are advised that, within thirty days from the date of this Order, either Plaintiff must appear on his own behalf or an attorney must be obtained.    If Plaintiff fails to comply with this Order, the Court may dismiss the action *with prejudice*.  <u>See</u> <u>Ferdick v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that Arizona district court did not abuse its discretion in dismissing pro se plaintiff's complaint for failing to comply with court order).    Accordingly,

---

[1]  42 U.S.C. § 1985 also includes language regarding "[p]reventing officer from performing duties" and "[o]bstructing justice; intimidating party, witness, or juror."  From the factual information available, it appears that Plaintiff's complaint is based on the language quoted in the body of the Order and not the other sections of 42 U.S.C. § 1985.

- 4 -

1    IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 7) is GRANTED. The
2    case is dismissed WITHOUT PREJUDICE.
3    IT IS FURTHER ORDERED that Defendant's Motion to Strike (Doc. 17) is DENIED.
4    IT IS FURTHER ORDERED that Plaintiff shall file a certification on or before
5    February 6, 2006 that he will either appear as an unrepresented party (not represented by
6    anyone, including his father) or an attorney will appear on his behalf.

8    DATED this 9th day of January, 2006.

_____
Roslyn O. Silver
United States District Judge