WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Allen Clark,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Glendale Union High School District #205,<br><br>　　　　Defendant. | No. 05-3421-PHX-ROS<br><br>**OPINION AND ORDER** |

On January 10, 2006, the Court granted Defendant's Motion to Dismiss. (Doc. 20) Now pending before the Court are two motions filed by Plaintiff; first, a motion to reopen the case and second, a motion to amend the complaint. For the following reasons, both motions will be denied.

A *pro se* litigant "must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.3d 565, 567 (9th Cir. 1987). The Court has already entered a judgment of dismissal of Plaintiff's action. Plaintiff's original complaint was dismissed without prejudice, leaving him two options if he wished to pursue his case. Plaintiff could either challenge the dismissal in a motion filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure or he could file a new action. Plaintiff chose to challenge the order of dismissal by filing a motion to reopen his case.

In the motion to reopen his case, Plaintiff argues that the Court's order of dismissal was erroneously based "on Defendant's fraudulent claim that Defendant was not a 'person.'" (Doc. 26) Plaintiff has misinterpreted the Court's dismissal order. Plaintiff's case was not dismissed due to Defendant's status as a "person;" rather, Plaintiff's case was dismissed because it was based on statutes that did not provide any basis for civil liability and Plaintiff failed to allege a violation of his constitutional rights. (Doc. 20) Plaintiff's motion to reopen his case does not provide any legal basis for granting him relief from the order of dismissal. See Fed. R. Civ. P. 59(e) (providing grounds for granting request to alter or amend judgment); Fed. R. Civ. P. 60(b) (same). Therefore, Plaintiff's motion to reopen his case will be denied.

Because the case has been dismissed without prejudice and the motion to reopen will be denied, Plaintiff's motion to amend his complaint will be denied as both procedurally improper and futile. First, the request to amend is procedurally improper because if judgment has been entered in a case, "a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996). Plaintiff's motion to reopen will be denied, meaning his motion to amend need not be considered. Second, the motion to amend does not cure the problems that caused the dismissal of Plaintiff's original complaint. Plaintiff continues to cite various criminal statutes as a possible basis for his suit but none of the criminal statutes provide for civil relief. Plaintiff also cites statutes that provide for possible civil relief, such as 42 U.S.C. § 1983 and 42 U.S.C. § 1985, but the amended complaint fails to articulate in a concise and comprehensible manner the *constitutional* rights Plaintiff was denied by the named Defendants. Therefore, Plaintiff's proposed amended complaint would be subject to dismissal for the same reasons his original complaint was dismissed. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal.").

    Plaintiff has two options if he wishes to pursue his case. Plaintiff may provide the Court with a legal basis under Federal Rule of Civil Procedure 60(b) for setting aside the order of dismissal or Plaintiff may initiate a new case by filing a new complaint.[1] Plaintiff is cautioned, however, that the criminal statutes often cited in his papers do not provide a basis for civil relief and it is inappropriate to bring a cause of action based on those statutes. Plaintiff is also reminded that the Court ordered him to provide a certification that his father was not representing him in this case. If Plaintiff plans to pursue this case he *must* file that certification within ten days.

    Finally, Defendant has requested that Plaintiff be sanctioned for engaging in "vexatious litigation." (Doc. 27) The request is based on Plaintiff's repeated attempts to base this civil action on certain criminal statutes and Plaintiff's failure to comply with the Court's order regarding certification that his father was not representing him. The Court will not sanction Plaintiff at this time but warns Plaintiff that no further allowances will be provided.[2] Sanctions will be imposed, including denial of a motion filed pursuant to Rule 60(b), if Plaintiff continues to argue the applicability of certain criminal statutes or if Plaintiff fails to comply with *all* the orders of this Court.

    Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 22) is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 26) is **DENIED**.

DATED 4/27/06

Roslyn O. Silver
United States District Judge

---

[1] A motion pursuant to Federal Rule of Civil Procedure 59 must be brought "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). As more than ten days have passed since judgment, Rule 59 is no longer a viable basis for relief in this case.

[2] On April 18, 2006, Plaintiff's father filed a document titled "Reply of B over last Response of F." The document is incomprehensible and need not be addressed.